IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

REGINALD KING, #368662            *
          Petitioner,
    v.                         *   CIVIL ACTION NO.  JKB-14-3846

STATE OF MARYLAND, *et al*.       *
          Respondent.
                     *****

MEMORANDUM

On December 10, 2014, this court-construed 28 U.S.C. § 2241 letter petition for habeas corpus was received for filing from Reginald King ("King"), an inmate formerly housed at the Maryland Reception, Diagnostic and Classification Center ("MRDCC") in Baltimore.  The action represents a challenge to King's arrest on a parole retake warrant and his continuing detention without a parole revocation hearing.  ECF No. 1.

Respondents filed a court-ordered response, styled as a motion to dismiss, which remains unopposed as of the within signature date.  ECF No. 4.  On March 10, 2015, a letter mailed to King pursuant to the dictates of *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), was returned to the court as "undeliverable as addressed."  ECF No. 7.

The record filed by respondents shows that on January 30, 2015, King received a parole revocation hearing, was found not guilty of violating the conditions of his release, and was subsequently released on the retake warrant to mandatory supervision that same date.  ECF No. 4, Exs. A & B.  King has not provided the court notice of his current address.

King has been released from Division of Correction ("DOC") confinement.  Therefore, his habeas petition has been rendered moot as he has received the sought after relief.  "A habeas corpus petition is moot when it no longer presents a case or controversy under Article III, § 2, of the

Constitution." *Aragon v. Shanks*, 144 F.3d 690, 691 (10th Cir. 1998) (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate." *Lewis v. Continental Bank Corp.,* 494 U.S. 472, 477 (1990). The parties must continue to have a "personal stake in the outcome" of the lawsuit. *Id.* at 478 (quoting *Los Angeles v. Lyons,* 461 U.S. 95, 101 (1983)). "This means that, throughout the litigation, the complainant 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" *Spencer*, 523 U.S. at 7 (quoting *Lewis,* 494 U.S. at 477). King's release from DOC custody moots this action, as there is no habeas relief for the court to grant. *See Belasco v. Warden*, 156 F. App'x 671, *1 (5th Cir. 2005) (unpublished); *see also Spencer*, 523 U.S. at 13-14 (habeas petitioners that are no longer in custody must demonstrate a concrete and continuing injury that is a collateral consequence of detention).

Respondents' motion to dismiss shall be granted. This petition shall be dismissed. The court declines to issue a certificate of appealability. A separate Order follows.

Date: March 11, 2015                          _____/s/_____
                                              James K. Bredar
                                              United States District Judge

2